

**MINUTE ENTRY**
**MOORE, MJ.**
**APRIL 17, 2000**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**WILFRED GUY**                                             **CIVIL ACTION**

**VERSUS**                                                  **NO. 00-0044**

**BURL CAIN, WARDEN, ET AL**                               **SECTION "G" (6)**

This matter is before the Court pursuant to petitioner's application for *habeas corpus* relief. Upon review of the state court record, it appears that two of petitioner's state post-conviction claims were erroneously determined to be untimely pursuant to the provisions of La.C.Cr.P. art. 930.8.

Petitioner's conviction became final in April, 1989. As such, under then-applicable state law, petitioner had three years, or until April, 1992, to seek state post-conviction relief. Petitioner filed an application for state post-conviction relief on or about September 27, 1991.[1] In this application, petitioner set forth the following claims: 1) that his constitutional rights were

---

[1]       *See* exhibit A attached to petitioner's "Rebuttal to State's Respone [sic] with Attach[ed] Exhibits," fed. rec., doc. # 9. *See also* a copy of petitioner's September 27, 1991 state post-conviction application contained in the State rec., vol. 1 of 2.

DATE OF ENTRY

APR 1 7 2000



violated when the trial court allowed criminal proceedings to continue prior to the proper

resolution of the issue of whether or not petitioner had the mental capacity to proceed to trial; and,

2) that he was denied his constitutional right to effective assistance of counsel when trial counsel

failed to present an insanity defense.  For unknown reasons, the state district court failed to act

upon petitioner's post-conviction application.

In October, 1996, petitioner filed a supplemental post-conviction application with the state

trial court.  Pursuant to this second or supplemental application, petitioner added a *"Cage* claim,"

i.e., a claim that the jury was erroneously instructed with regard to reasonable doubt, to the two

pending claims set forth in his 1991 application.[2]

On or about April 1, 1998, petitioner filed a writ of mandamus with the Louisiana Fourth

Circuit Court of Appeal.[3]  On May 14, 1998, the Louisiana Fourth Circuit Court of Appeal denied

petitioner's writ application, denying on the merits the two claims set forth in petitioner's

September, 1991 post-conviction application, and denying as untimely the one claim set forth in

petitioner's October, 1996 post-conviction application.  *See State v. Guy*, No. 98-K-0767 (La.

App. 4 Cir. May 14, 1998) (unpublished opinion).[4]  Thereafter, petitioner filed a writ application

---

[2]      A copy of petitioner's October, 1996 post-conviction application is contained in the State rec., vol. 1 of 2.

[3]      A copy of petitioner's April 1, 1998 writ application is attached to his rebuttal, doc. # 9.

[4]      A copy of the Fourth Circuit's May, 1998 decision is attached to petitioner's rebuttal (doc. # 9 ).

2

with the Louisiana Supreme Court which was denied pursuant to La.C.Cr.P. art. 930.8. *See State ex rel. Guy v. State*, 727 So.2d 446 (La. 1998).

Based upon the above procedural history, it is clear that the Louisiana Supreme Court erred in denying petitioner's entire writ application, i.e., all of petitioner's claims, as untimely. The only claim which was actually filed in violation of La.C.Cr.P. art. 930.8, and therefore, may be procedurally barred or procedurally defaulted for purposes of obtaining federal *habeas corpus* relief, is petitioner's "*Cage* claim."[5] Accordingly,

IT IS HEREBY ORDERED that the State provide this Court within 15 days, or no later than May 2, 2000, with a supplemental memorandum addressing the merits of the two claims set forth in petitioner's September 27, 1991 state post-conviction application, and addressing the issue as to whether or not plaintiff's third claim, set forth in his October, 1996 state post-conviction application, is procedurally barred from federal review.[6]

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5]    Under the doctrine of procedural default, a federal court will generally not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995), citing *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). A state court dismissal of a question of federal law pursuant to La.C.Cr.P. art. 930.8, has routinely been deemed to be a dismissal based upon an "independent and adequate" state ground, thereby barring federal *habeas* review. *See Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

[6]    Obviously, if the procedural bar or default issue is answered in the negative, i.e., the determination is made that petitioner's "*Cage* claim" is not procedurally barred, the State shall proceed to address the merits of said claim.

3