

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

OCT 12 2000

2000 OCT 12 AM 9: 35

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILFRED GUY** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 00-0044** |
| **BURL CAIN, WARDEN, ET AL.** | * | **SECTION: "G"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. Accordingly, it is recommended that the petition be **DENIED**.

## Procedural History

Petitioner, WILFRED GUY, is a state prisoner presently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Guy is serving a life sentence, without benefit of parole, probation or suspension of sentence, having been convicted by a jury of

OCT 12 2000
DATE OF ENTRY_____

OCT 12 2000
DATE OF MAILING_____



Fee_____
Process_____
X Dktd_____
CtrmDep_____
Doc.No._____

the second degree murder of one Jerry Grant on February 4, 1985.[1]  Guy appealed his

conviction and sentence to the Louisiana Court of Appeal, Fourth Circuit[2] therein claiming

that the trial court erred by failing to lawfully resolve his competency to proceed to trial, by

failing to appoint a sanity commission and by failing to hold a contradictory hearing to

determine his mental capacity to proceed to trial.  The conviction was affirmed.  Petitioner

did not file for a supervisory writ to the Louisiana Supreme Court until August 30, 1994.

That Court denied relief as untimely on October 2, 1996.[3]  On November 8, 1996, the

Louisiana Supreme Court denied the writ for reconsideration of the application, as untimely,

on the Court's action taken on October 2, 1996.[4]  Thus, Guy's conviction became final on

April 27, 1989, that is fourteen days after the Louisiana Court of Appeal, Fourth Circuit's

decision in **State v. Guy**, 542 So.2d 719 (La. App. 4th Cir. 1989).

        Under then applicable law, petitioner had three years or until April 1992 to

seek state post-conviction relief.  La. C.Cr.P. art. 930.8.  Petitioner claims that he filed for

post-conviction relief on or about September 27, 1991, therein arguing two issues: (1) that

his constitutional rights were violated when the trial court allowed criminal proceedings to

---

[1]**State v. Wilfred Guy**, No. 306-419"G", Criminal District Court, Parish of Orleans, State of
Louisiana.  (State Record, Vol. 2 of 3, pages 1, 13 and 14.)

[2]**State v. Guy**, 542 So.2d 719 (La. App. 4th Cir., April 13, 1989).

[3]**State ex rel. Guy v. Whitley**, (No. 94-KH-2264 (La. Oct. 2, 1996).

[4]The court ruled, "Denied.  La. C.Cr. Pr. art. 930.8; **State ex rel. Glover v. State,** 93- 2330 (La.
9/5/95) 660 So.2d 1189."  See **State ex rel. Guy v. State**, 683 So.2d 259 (La. Nov. 8, 1996).

2

continue prior to the proper resolution of the issue of whether or not petitioner had the mental capacity to proceed to trial; and, (2) that he was denied his constitutional right to effective assistance of counsel when trial counsel failed to present an insanity defense. The state record does not indicate why the state district court failed to act upon petitioner's post-conviction application. The State apparently contends that the state district court did not act because no such application was ever filed. See Rec. Doc. 13, State Supplemental Response at pp. 9-10.

In October 1996, petitioner filed a supplemental post-conviction application with the state trial court. Pursuant to this second or supplemental application, petitioner added a claim that the jury was erroneously instructed with regard to reasonable doubt, to the two pending claims set forth in his 1991 application.

On or about April 1, 1998, petitioner filed a writ of mandamus with the Louisiana Fourth Circuit of Appeal, asserting that the trial court had failed to rule on both his 1991 application for post-conviction relief and on his supplemental petition. On May 14, 1998, the Louisiana Fourth Circuit Court of Appeal denied petitioner's writ application,[5] denying on the merits the two claims set forth in petitioner's September 1991, post-

---

[5]Although the state argues that petitioner never filed this post-conviction application in the state trial court, the State does not refute "Exhibit A" attached to Rec. Doc. 9 which petitioner submitted in support of his claim that the PCR was filed in September 1991. A copy of this exhibit as well as a copy of the PCR application dated September 27, 1991 was attached to petitioner's application for mandamus filed with the Louisiana Court of Appeal for the Fourth Circuit, No. 98-K-0767 and the Louisiana Supreme Court (see State Record Vol. 1 of 3).

conviction application, and denying as untimely only the one claim set forth in petitioner's October 1996, post-conviction application. See **State v. Guy**, No. 98-K-0767 (La. App. 4 Cir. May 14, 1998)(unpublished opinion).[6]  The Fourth Circuit thus apparently accepted petitioner's argument that his 1991 application was timely filed in the trial court but construed his supplemental petition as a second, untimely petition.  Thereafter, petitioner filed a writ application with the Louisiana Supreme Court wherein he sought relief on the same issues brought in the Fourth Circuit.  The Louisiana Supreme Court denied relief, pursuant to La. C.Cr.P. art. 930.8, a state procedural bar.[7]

Petitioner filed (mailed and signed) the subject federal petition for *habeas corpus* relief on December 14, 1999,[8] therein claiming that:

> (1) He was denied due process of law when the trial judge failed to order a sanity commission to determine his competency prior to proceeding to trial;
>
> (2) He was denied effective assistance of counsel; and,

---

[6]A copy of the unpublished opinion is contained in the State Record, Vol. 1 of 3.

[7]**State ex rel. Guy v. State**, 727 So.2d 446 (La.1998).  The court simply ruled, "Denied. La. C.Cr. P. art. 930.8; **State ex rel. Glover v. State,** 93- 2330 (La. 9/5/95) 660 So.2d 1189."   The court did not specifically state that the Fourth Circuit erred in finding petitioner's 1991 application had been timely filed.

[8]When considering the timeliness of a pleading filed by a prisoner acting *pro se*, courts employ the "mailbox rule."  **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995).  Under this rule, a pleading is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  **Id**. It may reasonably be inferred that a prisoner delivered his petition to prison officials for mailing on the date he signed it.  See **United States v. O'Kaine**, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)(court inferred that the signature date on the movant's 28 U S.C. § 2255 motion to vacate was the date movant deposited the motion with prison officials for forwarding to the court.)

4

(3) He was denied due process of law because the trial judge erroneously charged the jury on reasonable doubt.

The respondent concedes that the above listed issues have been exhausted in the highest state court. Because petitioner has raised and exhausted his claims before this State's highest court, he has properly brought his claims before this Court. See, **Rose v. Lundy**, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); **Dupuy v. Butler**, 837 F.2d 699, 702 (5th Cir. 1988).

The respondent initially claimed that petitioner was time-barred from seeking relief in this federal habeas corpus application, pursuant to Title 28, United States Code, Section 2244(d) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) P.L. 104-132, 110 Stat. 1220.[9]  The AEDPA requires a petitioner to bring his federal habeas claims within one year of the date his conviction becomes final. (See Title 28, United States Code, Section 2244(d).)  A petitioner, such as Guy, whose conviction became final prior to the effective date of the AEDPA, has a one year grace period ending on April 24, 1997, within which to timely file a federal habeas petition pursuant to Title 28, United States Code, Section 2244(d).  **Flanagan v. Johnson**, 154 F.3d 196 (5th Cir. 1998). Further, Title 28, United States Code, Section 2244(d)(2) provides that the limitations period

---

[9]Federal Record, Volume 1, Doc. No. 8, pages 3-5, Response to Habeas Corpus Petition. Respondent's response was filed prior to its receipt of the entire state court record. This Court ordered the respondent to supplement its response with a memorandum addressing the issues. Federal Record Volume 1, Doc. 10, Minute Entry Dated April 17, 2000.

may be tolled for the period of time during which a properly filed application for state post-conviction is pending. This Court previously addressed the timeliness of petitioner's federal claim in its Minute Entry dated April 17, 2000, finding that the Louisiana Supreme Court had erred in denying petitioner's entire writ application . (Federal Record, Volume 1, Document No. 10). Thus, this Court ordered the respondent to file a supplemental memorandum addressing the merits of the two claims set forth in petitioner's September 27, 1991, state post-conviction application and addressing the issue as to whether or not plaintiff's third claim, set forth in his October 1996 state post-conviction application, is procedurally barred or defaulted. The respondent filed its Supplemental Response on July 5, 2000.[10]

Since the time of this Court's April 17, 2000 minute entry rejecting the State's contention that petitioner is time-barred, the U.S. Fifth Circuit issued a ruling in **Johnson v. Cain**, 215 F.3d 489 (5th Cir., June 19, 2000). In that case, the Fifth Circuit admonished the district court for failing to recognize the state court's application of its own procedural rules, i.e., La. C.Cr. P. art. 930.8, and found that the district court erred in addressing the merits of a claim which had been procedurally defaulted under state law. **Id.** at 494-495. Accordingly, this court is concerned that it's prior ruling of April 17, 2000 may be in conflict with the principles set forth in **Johnson**.[11]

---

[10]Federal Record, Volume 1, Doc. No. 13.

[11]The importance, of course, of the September 1991 state court filing petitioner claims he made is that, without evidence of that filing, petitioner would be untimely before this court pursuant to 28 U.S.C.

However, it is also possible that, even if the court accepts the highest state court's finding that petitioner's state post-conviction application was untimely filed in accordance with the requirements of La.C.Cr. P. art. 930.8, the court should still find that petitioner's "Exhibit A" evidencing his September 27, 1991 filing is sufficient to establish "cause" for his procedural default as to petitioner's first two claims.[12] "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule . . ." **Barrientes v. Johnson**, 221 F.3d 741 (5th Cir. 2000), citing **Murray v. Carrier**, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Petitioner's Exhibit "A", previously noted as being unrefuted by the State, establishes that petitioner mailed a post-conviction pleading from the Louisiana State Penitentiary at Angola on September 27, 1991. What happened to that pleading and whether that pleading was, in fact, directed to the state district court is not clear from the record before this court. A federal evidentiary hearing on the issue is not warranted, however, since the court otherwise determines that petitioner is not entitled to relief even on the merits of his first two claims.

---

2254(d). Additionally, even if timely, petitioner's claims would be procedurally defaulted in the state courts, thus limiting federal habeas review. See, **Amos v. Scott**, 61 F.3d 333, 338 (5th Cir.), cert. denied, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995); **Harris v. Reed**, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989).

[12]Assuming , *arguendo*, that "cause" can be established, "prejudice" would also exist to the extent that petitioner would have been denied his right to full federal *habeas* review as a result of the state procedural default.

Moreover, since petitioner failed to raise his **Cage** claim before the state courts until 1996, that claim, barred by the state courts pursuant to La. C.Cr. P. art. 930.8, is procedurally defaulted.[13]

### Competency to Proceed to Trial

Petitioner claims that he was denied due process of law because the trial judge failed to order a sanity commission to determine petitioner's competency prior to proceeding to trial.

Due process prohibits the prosecution of a defendant who is not competent to stand trial. **Dunn v. Johnson**, 162 F.3d 302, 305 (5th Cir. 1998), cert. denied, 526 U.S. 1092, 119 S.Ct. 1507, 143 L.Ed.2d 659 (1999), citing **Cooper v. Oklahoma**, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed. 2d 498 (1996) (additional citations omitted). A defendant is deemed mentally competent when he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceeding [ ] against him." **Drope v. Missouri**, 420 U.S. 162, 170, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975), citing **Dusky v. United States**, 362 U.S. at 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). "Additionally, a trial court has a duty to hold a competency hearing when 'the objective facts known to the trial court [are] sufficient to raise a bona fide

---

[13]Petitioner makes no showing of "cause" and "prejudice", nor does he establish a fundamental miscarriage of justice to excuse his procedural default of the **Cage** claim.

8

doubt as to [the petitioner's] competency'." **Dunn**, 162 F.3d at 305, citing **Enriquez v.**

**Procunier**, 752 F.2d 111, 113 (5th Cir. 1984).

The issue of petitioner's competency to proceed to trial was previously

addressed by the Louisiana Court of Appeal, Fourth Circuit on direct appeal. The Fourth

Circuit held that no reasonable grounds were established which would have required the trial

court to determine petitioner's mental capacity to stand trial. The Fourth Circuit said, in

pertinent part:

> We note at the outset that defendant does not now challenge that he
> had sufficient mental capacity; the crux of his complaint is that the trial
> court erred procedurally, albeit a procedure possessing constitutional
> due process dimensions. See **Drope v. Missouri**, 420 U.S. 162, 95
> S.Ct. 896, 43 L.Ed.2d 103 (1975), and **State v. Bennett**, 345 So.2d
> 1129 (La.1977).
>
> After a hearing on a motion to suppress an identification, which
> motion the trial court denied, defense counsel stated, "We would like
> to ask the court at this time that Mr. Guy be submitted [to] psychiatric
> evaluation." The trial judge instructed his court reporter to "take care
> of that," and the minute entry reads, "Court ordered a Mental
> Examination to be performed and the matter is continued until the
> results [are] available for the Court to set a lunacy hearing." No one
> directly raised the issue of defendant's capacity to proceed, and the
> court did not appoint a sanity commission; nothing in the record, either
> directly or by implication, suggests "reasonable ground to doubt the
> defendant's mental capacity to proceed." La.C.Cr.P. Art. 643.
>
> Apparently in response to the above-recounted actions of defense
> counsel and the court, a psychiatrist who works in Orleans Parish
> Prison submitted a written report to the court on defendant's mental
> condition. This report appears in the record, alone, without any record
> explanation of how it got there, when it got there, who knew of its

existence, who read it, who relied upon it, or what action, if any, was taken in response to it. Nevertheless, the record contains no other mention of defendant's capacity to proceed, even though through two trials (the first ending in a hung-jury mistrial) defendant was represented by the same retained counsel and the state was represented by the same assistant district attorney who participated in the proceedings on the day of the hearing on the motion to suppress identification.

Louisiana law presumes a defendant's sanity. La.R.S. 15:432. The defendant carries the burden of proving by a clear preponderance of the evidence that as a result of a mental disease or defect he is incompetent to proceed to trial. **State v. Brown**, 414 So.2d 689, 694 (La.1982); **State v. Bennett** 345 So.2d at 1138. Any suggestion of procedural error in the trial court's not appointing a sanity commission and thereafter following the procedures set out in La.C.Cr.P. Arts. 641 through 661 is overridden by a record devoid of any suggestion of a reasonable ground to doubt defendant's mental capacity to proceed.

**State v. Guy**, 542 So.2d 719, at 720.[14]

This court's independent review of the record similarly shows that petitioner was assisted by the same attorney during both of his trials and that petitioner's counsel never moved the trial court to establish a sanity commission under state law.[15] Instead,

---

[14]The Louisiana Supreme Court denied post-conviction relief on basically the same issue, raised as a claim of ineffective assistance, on October 2, 1996, **State ex rel. Wilfred Guy v. Whitley**, No. 94-KH-2264 and again on reconsideration, 683 So.2d 259 (La. 9/8/96), citing La. C. Cr. P. art. 930.8 and **State ex rel Glover v. State**, 660 So.2d 1189 (La. 9/5/95).

[15]The pertinent Louisiana laws regarding incapacity to proceed to trial in effect during petitioner's trial are as follows:

**La.C.Cr.P. Art. 642. How mental incapacity is raised: effect**

The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant's mental incapacity to proceed is raised, there shall be no

further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed.

**La.C.Cr.P. Art. 643. Order for mental examination:**

The court shall order a mental examination of the defendant *when it has reasonable ground to doubt the defendant's mental capacity to proceed.* Prior to the ordering of any such mental examination, the court shall appoint counsel to represent the defendant if he has not already retained counsel.

**La.C.Cr.P. Art. 644. Appointment of sanity commission; examination of defendant**

A.  Within seven days after a mental examination is ordered, the court shall appoint a sanity commission to examine and report upon the mental condition of the defendant.  The sanity commission shall consist of at least two and not more than three physicians who are licensed to practice medicine in Louisiana, and have been in the actual practice of medicine for not less than three consecutive years immediately preceding the appointment.  No more than one member of the commission shall be the coroner or any one of his deputies.

B.  The physicians appointed to make the examination shall have free access to the defendant at all reasonable times.  The court shall subpoena witnesses to attend the examination at the request of the defendant, the commission, or any member thereof.

C.  For the purpose of the mental examination, the court may order a defendant previously released on bail to appear for mental examinations and hearings in the same manner as other criminal proceedings.

**La.C.Cr.P. Art. 645. Report of sanity commission**

A.  (1) The report of the sanity commission members shall address their specific findings with regard to all of the following:

(a) The defendant's capacity to understand the proceedings against him.

(b) His ability to assist in his defense.

(c) His need for inpatient hospitalization in the event he is found incompetent.

(2) The fact that the defendant claims to be unable to remember the time period surrounding the alleged offense shall not, by itself, bar a finding of competency if the defendant otherwise understands the charges against him and can assist in his defense.

B.    The report of the sanity commission shall be filed in triplicate with the presiding judge within thirty days after the date of the order of appointment.  The time for filing may be extended by the court.  The clerk shall make copies of the report available to the district attorney and to the defendant or his counsel

11

counsel orally requested that his client be submitted to a psychiatric evaluation subject to receipt of the results which might require a lunacy hearing.  Counsel did not supplement his oral request with information or records pertaining to petitioner's mental health and/or behavior which suggested that a sanity commission needed to be convened.  The trial judge was not asked to convene a lunacy hearing by the petitioner's counsel nor by the prosecution. The report of the psychiatrist was given and he opined that petitioner was malingering; that medication was non-indicated; and, that there was no sign of psychosis or marked tension.[16]

When federal habeas is sought on the ground that the defendant was in fact incompetent at the time of trial, the petitioner's initial burden is substantial.  **Enriquez**, 752 F.2d at 114.  "Courts in habeas corpus proceedings should not consider claims of mental incompetence to stand trial where the facts are not sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the mental capacity of the

---

without cost.

**La.C.Cr.P. Art. 646.  Examination by physician retained by defense or district attorney.**

The Court order for a mental examination shall not deprive the defendant or the district attorney of the right to an independent mental examination by a physician or mental health expert of his choice, and such physician or mental health expert shall be permitted to have reasonable access to the defendant for the purposes of the examination.

[16]State Record Volume 3 of 3, Report of Dr. Luper, dated 05-15-85.  The Fourth Circuit noted that there is nothing in the record which shows how this report got into the record.  Be that as it may, petitioner's competence never was raised again until post-conviction proceedings were instituted.

petitioner ..." **Enriquez**, 752 F.2d at 114, citing **Bruce v. Estelle**, 483 F.2d 1031, 1043 (5th Cir. 1973), subsequent opinion, 536 F.2d 1051 (5th Cir. 1976).

Petitioner Guy failed to provide the state courts and continues to fail to provide this court with the substantial evidence required to establish that he was incompetent to stand trial. Nor does he make a showing, by clear and convincing evidence sufficient to raise a threshold doubt as to his competency, that he entitled to a *nunc pro tunc* evidentiary hearing for the purpose of proving that he was incompetent at the time of trial. See **Carter v. Johnson**, 131 F.3d 452, 460 (5th Cir. 1997); **Lokos v. Capps**, 625 F.2d 1258, 1261 (5th Cir. 1980).

To the extent petitioner is complaining that the state failed to follow its own procedures, his claim is not cognizable on federal habeas review. The United States Supreme Court has held that, "it is not within the province of a federal habeas court to reexamine state court determinations on state law questions." **Estelle v. McGuire**, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). **Id.** The state courts ruled on this issue on petitioner's direct appeal and on post-conviction relief proceedings. Accordingly, whether the state court properly applied state procedure in this matter has been ruled on by the state courts and their rulings are entitled to deference. Petitioner's claim does not justify federal habeas relief.

### Ineffective Assistance of Counsel

Petitioner claims that he was denied effective assistance of counsel in violation of the due process clauses of the Sixth and Fourteenth Amendments to the U.S. Constitution. Specifically, petitioner argues that his counsel[17] "failed to pursue the issue of petitioner's ability to stand trial and substituted a doomed defense for his only plausible line of defense -- insanity."[18] Petitioner also claims that he told his attorney that he had been previously treated for his mental condition. As such, petitioner claims that his counsel was ineffective because he failed to contest petitioner's competency to proceed to trial and he failed to pursue an insanity defense.

Review of the transcript of petitioner's second trial reveals that petitioner testified at his trial, claiming that he was robbed of twenty dollars by the victim, Jerry Grant. Petitioner asserted that the shooting was in self-defense but he admitted shooting the victim twice in the back.[19]

In **Strickland v. Washington**, the United States Supreme Court established a two prong test for evaluating claims of ineffective assistance of counsel. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner seeking relief must demonstrate (1) that

---

[17]Petitioner was represented by retained counsel, Benny S. George, Jr., Esquire, for all pretrial and trial matters. On appeal, petitioner was represented by appointed counsel, Dwight Doskey, Esquire, of the Orleans Indigent Defender Program.

[18]Record Document No. 1, Petition, page 27.

[19]State Rec. Vol 2 of 3 at pp. 68-70.

counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the petitioner.  **White v. Johnson**, 153 F.3d 197, 208 (5th Cir. 1998) (citing **Strickland**, 466 U.S. at 687).  If the Court finds that the petitioner has made an insufficient showing as to either one of the two prongs of inquiry, it may dispose of the claims without addressing the other prong.  **Pratt v. Cain**, 142 F.3d 226, 231-33 (5th Cir. 1998) (citing **Strickland**, 466 U.S. at 697).

In deciding whether a counsel's performance was ineffective, a court must consider the totality of the circumstances.  **Strickland**, 466 U.S. at 690.  Nonetheless, the petitioner must point to actual ineffectiveness, either through specific errors or omissions of counsel, and may not rely solely on the surrounding circumstances in order to prove ineffective assistance.  **United States v. Cronic**, 466 U.S. 648, 665, 104 S.Ct. 2039, 2050, 801 L.Ed.2d 657 (1984).

Under the performance prong of **Strickland**, it is necessary to judge counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.  **Lockhart v. Fretwell**, 506 U.S. 364, 371, 113 S.Ct. 838, 844, 122 L.Ed.2d 108 (1993) (citing **Strickland**, 466 U.S. at 690).  An attorney's performance generally carries with it a strong presumption of adequacy and is only deficient if it is "objectively unreasonable."  **United States v. Walker**, 68 F.3d 931, 934 (5th Cir. 1996).  An analysis of counsel's performance must take into account the reasonableness of counsel's actions in light

of all the circumstances. **Strickland**, 466 U.S. at 688-89. The burden of proof lies with the petitioner, and the petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable professional assistance. **Crockett v. McCotter**, 796 F.2d 787, 791 (5th Cir.), <u>cert</u>. <u>denied</u>, 479 U.S. 1021, 107 S.Ct. 678, 93 L.Ed.2d 728 (1986).

In support of his claim, petitioner argues that he told his counsel about prior mental treatment he had received. As a result, counsel orally moved the court to have petitioner mentally examined. However, the results of the examination were that petitioner was malingering and there was no sign of psychosis. Therefore, counsel instead prepared for trial and pursued a self-defense presentation utilizing petitioner's testimony. As previously mentioned, counsel apparently had some success with this defense because petitioner's first trial resulted in a hung jury. Petitioner was convicted after the second trial. The decision to make a self-defense presentation and not to pursue an insanity defense were obviously trial tactics. Counsel did not pursue an insanity defense because there was insufficient evidence to support the same. Moreover, nothing in the record supports a finding that counsel was deficient in failing to move for a competency determination. Petitioner fails to establish that his counsel was deficient.

Under the prejudice prong of the **Strickland** analysis, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different.  **Strickland**, 466 U.S. at 694.  The **Strickland**

Court defined a reasonable probability as one that is "sufficient to undermine confidence in

the outcome."  **Id.**    Additionally, in making a determination as to whether prejudice

occurred, courts must review the record to determine the "relative role that the alleged trial

errors played in the total context of trial."  **Crockett**, 796 F.2d at 793.

Petitioner failed to offer any proof that the result of his trial would have been

different had an insanity defense been presented.

The Fourth Circuit denied petitioner's claim and said:

> ..."His second claim was that he was denied the right to effective
> assistance of counsel when trial counsel failed to present an insanity
> defense.  Relator failed to make the requisite showing that insanity was
> a viable defense to require an evidentiary hearing on this issue..."

**State v. Guy**, No. 98-K-0767 (La. App. 4th Cir. May 14, 1998).

Petitioner fails to establish that the state court's determination on the issue of

ineffective assistance, a mixed question of law and fact, see **Strickland**, 466 U.S. 668, 697,

104 S.Ct. 2052, 2070; **Pratt**, 142 F.3d at 230, was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court.  See

**Knox v. Johnson**, 2000 WL 1182275 (5th Cir., Aug. 21, 2000), citing 28 U.S.C. §2254(d)

and **Williams v. Taylor**, -- U.S. --, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

Petitioner's claim of ineffective assistance of counsel is without merit.

## Reasonable Doubt Jury Instruction

Petitioner claims that he was denied due process of law because the trial judge instructed the jury with an erroneous definition of reasonable doubt in violation of the Fourteenth Amendment.    Petitioner alleges that the trial judge's reasonable doubt jury instruction was identical to the one given in **Cage v. Louisiana**, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).  In **Cage**, the trial judge equated reasonable doubt with "grave uncertainty," and an actual doubt and a moral certainty of petitioner's guilt.

The state record does not contain a copy of the transcript of the jury instructions given at petitioner's trial.  A transcript of the evidentiary portion of the trial is contained in the record, as well as a copy of the minute entry dated October 31, 1985, the date of petitioner's second trial.[20]  The minute entry indicates that neither counsel had any objections to the charge given to the jury.

The Respondent argues that his claim should be dismissed under the doctrine of procedural default pursuant to La. C.Cr.P. Article 841[21] which requires that a

---

[20]State Record, Volume 2 of 3, page 13, Minute Entry, October 31, 1985.

[21]La. C.Cr.P. Article 841 provides in pertinent part:
**Bill of exceptions unnecessary; objections required**
   A.  An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.  A bill of exceptions to rulings or orders is unnecessary.  It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.

18

contemporaneous objection be made when the perceived error occurred in order to preserve the issue for review.[22]

Petitioner failed to object to the court's jury charges on reasonable doubt at trial. (See Minute Entry of October 31, 1985.) "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." La. C.Cr.P. Art. 841. A petitioner must show cause and actual prejudice in order to obtain relief where there has been a state procedural default. **Engle v. Isaac**, 456 U.S. 107, 130, 102 S.Ct. 1558, 1572 (1981). Petitioner has failed to make either showing nor does he make a showing of a miscarriage of justice, i.e., "actual innocence" required to escape application of the procedural default doctrine.[23] See **Campos v. Johnson**, 958 F. Supp. 1180, 1194-95 (W.D. Tx. 1997). Although petitioner has not argued that any objection would have been useless, futility of the objection, even in light of precedent, does not constitute good cause for failure to object at trial. **Engle**, 456 U.S. at 130, 102 S.Ct. at 1573; **Thompson v. Lynaugh**, 821 F.2d 1054, 1063 (5th Cir. 1987). Petitioner has failed to overcome the procedural bar to raising this issue under 28 U.S.C. § 2254. The claim is not subject to federal review.

---

[22]Additionally, as previously noted by this court, petitioner's reasonable doubt claim was not presented to the state courts in a timely fashion and was defaulted in the state courts pursuant to La.C.Cr. P. art. 930.8.

[23]There was overwhelming evidence presented at trial for the jury to find that petitioner committed second degree murder.

## RECOMMENDATION

It is hereby **RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this *11th* day of *October* 2000.


LOUIS MOORE, JR.
United States Magistrate Judge